IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CT-03056-M

ANTHONY LEE MCNAIR, )
)
Plaintiff, )
)
v. ) **ORDER**
)
UNITED STATES GOVERNMENT, et al., )
)
Defendants. )

On January 18, 2024, Anthony Lee McNair ("plaintiff"), a state inmate at Roanoke River C.I., filed in the U.S. District Court for the District of Columbia a *pro se* civil rights complaint under 42 U.S.C. § 1983. See Compl. [D.E. 1]. Plaintiff also filed various pending motions. See [D.E. 2, 3, 6, 10]. On March 11, 2025, the action was transferred to this court. See [D.E. 11].

The court first considers plaintiff's motion to proceed without prepayment of fees. See Mot. [D.E. 2]. The three-strikes provision of the Prison Litigation Reform Act ("PLRA") precludes a prisoner from proceeding without prepayment of fees if the prisoner has:

> on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g); see Tolbert v. Stevenson, 635 F.3d 646, 650–51 (4th Cir. 2011); Green v. Young, 454 F.3d 405, 406–10 (4th Cir. 2006); Altizer v. Deeds, 191 F.3d 540, 544 (4th Cir. 1999).

Plaintiff has filed at least three actions that a federal court has dismissed as frivolous, malicious, or for failing to state a claim upon which relief may be granted. See Order [D.E. 6], McNair v. Fitch, No. 5:08-CT-3050-BO (E.D.N.C. June 11, 2008) (dismissing action as frivolous

under 28 U.S.C. § 1915(e)(2)(B)(ii)); Order [D.E. 10], McNair v. Rocky Mount Police Dep't, No. 5:10-CV-544-FL (E.D.N.C. Dec. 28, 2010) (adopting M&R recommending dismissal of action under 28 U.S.C. § 1915(e)(2)); Order [D.E. 15], McNair v. Tarboro Dist. Attorney's Office, No. 5:10-CV-545-FL (E.D.N.C. Jan. 24, 2011) (adopting M&R recommending dismissal of action under 28 U.S.C. § 1915(e)(2)); Order [D.E. 14], McNair v. Rocky Mount Dist. Attorney's Office, No. 5:10-CV-546-FL (E.D.N.C. Jan. 24, 2011) (adopting M&R recommending dismissal of action under 28 U.S.C. § 1915(e)(2)); Order [D.E. 10], McNair v. Rocky Mount Dist. Attorney's Office, No. 5:10-CV-561-FL (E.D.N.C. Jan. 24, 2011) (adopting M&R recommending dismissal of action under 28 U.S.C. § 1915(e)(2)); Order [D.E. 35], McNair v. North Carolina Department of Public Safety, et al., (E.D.N.C. June 15, 2023) (dismissing action under 28 U.S.C. § 1915(e)(2)(B)(ii)).

Thus, to proceed without prepayment of fees in this action, plaintiff must plausibly allege that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The imminent danger "exception [to the three-strikes rule] focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003); see also Meyers v. Comm'r of Soc. Sec. Admin., 801 F. App'x 90, 95–96 (4th Cir. 2020) (per curiam) (unpublished); Chase v. O'Malley, 466 F. App'x 185, 186 (4th Cir. 2012) (per curiam) (unpublished); Smith v. Wang, 370 F. App'x 377, 378 (4th Cir. 2010) (per curiam) (unpublished). Vague, speculative, or conclusory allegations are insufficient to invoke this exception; rather, the inmate must make "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin, 319 F.3d at 1050.

Plaintiff names as defendants the United States Government and the Government of North Carolina. Compl. [D.E. 1] at 1. Plaintiff appears to cite to a state criminal case and a civil suit

2

filed in the U.S. District Court for the District of Columbia. See id. at 1–2. Although his meaning is somewhat unclear, plaintiff appears to allege that, on August 18 and 19, 2015, "the United States Government neglected and committed civil conspiracy . . . against the plaintiff with the Government of North Carolina," violating "the state and federal constitutions in denial of free exercise of religion, denial of access to courts, and cruel and unusual punishment . . . by retaliated [sic] and the practice of enslavement against the plaintiff [sic]." Id. at 2. For relief, plaintiff seeks: "release and injunctive relief pursuant to Helling v. McKinney, 509 U.S. 25, 35–36 (1993)." Id.

In his self-styled "motion for immunity and deletion of the records [sic]," plaintiff generally alleges claims of double jeopardy, denial of free exercise of religion, denial of access to courts, cruel and unusual punishment, and a civil conspiracy between the United States and the State of North Carolina pursuant to his 2016 state criminal conviction. See Mot. [D.E. 3].

In his self-styled "motion for summary judgment [sic]," plaintiff generally alleges double jeopardy and enslavement pursuant to his 2016 state criminal conviction. See Mot. [D.E. 6].

In his self-styled "motion for deletion and compensation [sic]," plaintiff generally alleges a civil conspiracy and that he was "enslaved [sic]" via a 2014 plea offer. See Mot. [D.E. 10].

Here, plaintiff may not proceed without prepayment of fees because his vague, conclusory, and historical claims fail to satisfy the "imminent danger" exception to the PLRA's three-strikes rule. See 28 U.S.C. § 1915(g); Martin, 319 F.3d at 1050; Chase, 466 F. App'x at 186–87.

Plaintiff's complaint also fails to state a claim upon which relief may be granted. When a prisoner seeks relief in a civil action from a governmental entity or officer, a court must dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a), (b)(1). A frivolous case "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are "based on

an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Factually frivolous claims lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325.

The standard used to evaluate the sufficiency of a pleading is flexible, and a *pro se* complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). A *pro se* plaintiff's pleading, however, must contain "more than labels and conclusions," see Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008), see Ashcroft v. Iqbal, 556 U.S. 662, 677–83 (2009); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Further, a plaintiff also "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676; see Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985).

Here, neither the United States nor North Carolina are amenable to suit under § 1983 because they are not persons "acting under color of state law." See West, 487 U.S. at 48.

To the extent plaintiff alleges constitutional infirmities in his state court convictions or proceedings, such claims appear to be precluded by a pre-filing injunction against him in this court. See McNair v. Tarboro Dist. Atty.'s Off., No. 5:11-CV-122-FL, 2011 WL 1743478, at *3 (E.D.N.C. May 2, 2011) (enjoining plaintiff "from filing any lawsuit seeking damages for

4

constitutional violations relating to state court convictions that have not been invalidated, or any lawsuit involving a constitutional challenge to ongoing or recently terminated state court criminal proceedings where the challenge instead could have been brought within those proceedings.").

To the extent plaintiff seeks release from his present incarceration, or otherwise seeks to raise double jeopardy issues, his claims sound in habeas corpus, not in a § 1983 civil rights action. See Nelson v. Campbell, 541 U.S. 637, 643 (2004) (noting claims "fall[ing] within the 'core' of habeas corpus . . . [are] not cognizable when brought pursuant to § 1983."); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (distinguishing between habeas corpus petitions and civil-rights cases); Gilliam v. Foster, 75 F.3d 881, 889 n.7 (4th Cir. 1996) (en banc).

Although plaintiff alleges cruel and unusual punishment, denial of access to courts, denial of religious Free Exercise, and a civil conspiracy, his allegations are far too threadbare to state viable § 1983 claims. Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); Twombly, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level"); see Lewis v. Casey, 518 U.S. 343, 351–52 (1996) (outlining standard for access-to-courts claims); Firewalker-Fields v. Lee, 58 F.4th 104, 114 (4th Cir. 2023) (discussing the threshold showing for a viable Free Exercise claim); De'lonta v. Johnson, 708 F.3d 520, 525 (4th Cir. 2013) (noting, to survive initial review on an Eighth Amendment claim, a plaintiff to plausibly allege "(1) that the deprivation of a basic human need was objectively sufficiently serious, and (2) that subjectively the officials acted with a sufficiently culpable state of mind." (quotation and alterations omitted)); Hinkle v. City of Clarksburg, 81 F.3d 416, 421 (4th Cir. 1996) (outlining requirements for a civil conspiracy claim and noting conclusory allegations do not establish the "meeting of the minds" element and thus fail to state a § 1983 claim).

Further, although plaintiff alleges "enslavement," his claims do not implicate the Thirteenth Amendment which was intended "to cover those forms of compulsory labor akin to African slavery which in practical operation would tend to produce like undesirable results." United States v. Kozminski, 487 U.S. 931, 942 (1988) (internal citation and quotation marks omitted); see also Piatt v. MacDougall, 773 F.2d 1032, 1035 (9th Cir. 1985) ("The Thirteenth Amendment does not prohibit involuntary servitude as part of imprisonment for a crime.").

To the extent plaintiff seeks injunctive relief, he fails to demonstrate a likelihood of success on the merits, extraordinary circumstances, clear entitlement to the relief, or that he is likely to suffer irreparable harm in the absence of injunctive relief. Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); see Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 346 (4th Cir. 2009) (noting the Supreme Court has rejected the standard allowing a movant "to demonstrate only a 'possibility' of irreparable harm because that standard was inconsistent with [the Court's] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the [movant] is entitled to such relief." (quotation omitted)), vacated on other grounds, 559 U.S. 1089 (2010), reissued in relevant part, 607 F.3d 355 (4th Cir. 2010) (per curiam); see also Taylor v. Freeman, 34 F.3d 266, 268–269 (4th Cir. 1994).

Finally, because plaintiff's complaint cannot be cured by amendment, dismissal is appropriate, see Goode v. Cent. Virginia Legal Aid Soc'y, Inc., 807 F.3d 619, 628 (4th Cir. 2015), and the court declines to exercise supplemental jurisdiction over any lingering state-law claims, see 28 U.S.C. § 1367(c)(3) (granting courts discretion to decline supplemental jurisdiction over a pendent State claim where the court has dismissed all claims over which it has original jurisdiction); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966) (noting "pendent jurisdiction is a doctrine of jurisdictional discretion" and that, "if the federal claims are dismissed

before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well"); Hinson v. Norwest Fin. S.C., Inc., 239 F.3d 611, 617 (4th Cir. 2001) (holding the district court possesses "inherent power to dismiss the case . . . provided the conditions set forth in § 1367(c) for declining to exercise supplemental jurisdiction have been met").

In sum, the court: DENIES the motion to proceed without prepayment of fees [D.E. 2]; and DISMISSES WITHOUT PREJUDICE the complaint either pursuant to 28 U.S.C. § 1915(g), or for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915A(b)(1); and DENIES AS MOOT the other pending motions [D.E. 3, 6, 10]. The clerk shall close the case.

SO ORDERED this 14th day of March, 2025.

RICHARD E. MYERS II
Chief United States District Judge